IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRACY R. PAVLICK, as Executrix of the
Estate of John J. Pavlick, and TRACY R.
PAVLICK, Individually,

        Plaintiff,

v.

ENCOMPASS INDEMNITY INSURANCE
COMPANY and STATE AUTO PROPERTY
AND CASUALTY INSURANCE
COMPANIES,

        Defendants.

11cv705
**ELECTRONICALLY FILED**

## MEMORANDUM OPINION

This is an underinsured motorist insurance coverage case.[1] Presently before this Court are Defendants', Encompass Indemnity Insurance Company ("Defendant Encompass") and State Auto Property and Casualty Insurance Company ("Defendant State Auto"), Motions to Dismiss Plaintiff's Amended Complaint. Defendant Encompass filed a Motion to Dismiss (doc. no. 15), and Defendant State Auto filed a Partial Motion to Dismiss (doc. no. 18) Plaintiff's Amended Complaint. See doc. no. 14. Defendant Encompass incorporated by reference its prior Motion to Dismiss Plaintiff's Complaint (doc. no. 6) and its Brief in Support (doc. no. 7) claiming the filing of the Amended Complaint did not cure the deficiencies previously noted. Defendant State Auto filed a new Brief in Support of its renewed Partial Motion to Dismiss. Doc. no. 19. Plaintiff filed a Brief in Opposition to Defendant Encompass' Motion to Dismiss the Amended Complaint

---

[1] This matter was removed to federal court and this Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332. Venue is proper in this District pursuant to 28 U.S.C. §1391.

(doc. no. 21) as well as a Brief in Opposition to Defendant State Auto's Partial Motion to Dismiss the Amended Complaint. Doc. no. 24.

The Court has reviewed: Plaintiff's Amended Complaint (doc. no. 14), Defendant Encompass' Motion to Dismiss the Amended Complaint (doc. no. 15), Encompass' Motion to Dismiss the [Original] Complaint and Brief in Support (doc. nos. 6, 7), Defendant State Auto's Partial Motion to Dismiss the Amended Complaint (doc. no. 18) and Brief in Support (doc. no. 19). For the reasons that follow, Defendant Encompass' Motion to Dismiss and Defendant State Auto's Partial Motion to Dismiss shall be denied.

## I. Legal Standard

In considering a Rule 12(b)(6) motion, federal courts require notice pleading, as opposed to the heightened standard of fact pleading. Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly*, and *Aschroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009), the United States Court of Appeals for the Third Circuit recently explained that a District Court must take three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1947 (2009). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth.' *Id*. at 1950. Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id*. This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory

allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, No. 10-3539, 2011 F.3d WL 2044166, at *2 (3d Cir. May 26, 2011).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claim(s) presented and to determine whether the facts pled to substantiate the claim(s) are sufficient to show a "plausible claim for relief." "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.*; *See also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

The Court may not dismiss a Complaint (or Counterclaim) merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 556, 563 n.8. Instead, the Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint (or Counterclaim) that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler,* 578 F.3d at 212; *See also Guirguis v. Movers Specialty Services, Inc.*, 346 Fed.Appx. 774, 776 (3d Cir. 2009).

In short, the Motion to Dismiss should not be granted if a party alleges facts which could, if established at trial, entitle him to relief. *Fowler*, 578 F.3d at 563 n.8.

Based upon this standard, this Court has reviewed Defendant Encompass's Motion to Dismiss and Defendant State Auto's Partial Motion to Dismiss Plaintiff's Amended Complaint. Doc. Nos. 15, 18.

## II. Factual Background

As noted above, under F.R.Civ.P. 12(b)(6), the Court accepts all of the factual allegations set forth in the Amended Complaint as true and draws all reasonable inferences in Plaintiff's favor. *See Fowler*, 578 F.3d at 210. Therefore, the facts of the case are as follows:

Plaintiff is the Executrix of the Estate of John J. Pavlick. Doc. No. 14, ¶ 2. Defendant Encompass and Defendant State Auto are both corporations engaged in selling policies of automobile insurance. *Id.* at ¶¶ 4, 5.

On November 1, 2009, a vehicle struck and killed John J. Pavlick in his front yard. *Id.* at ¶ 6. At the time of his death, the Plaintiff was insured by an automobile insurance policy issued by Defendant Encompass, which provided a $500,000.00 policy limit for an underinsured motorist claim. *Id.* at ¶ 8. The Decedent's business, Pavlick Contracting, Inc., was insured by an underinsured motorist policy issued by Defendant State Auto with a policy limit of $500,000.00. *Id.* at ¶ 9. The driver of the vehicle that killed the Decedent lacked sufficient assets to pay any potential judgment in excess of the limits on his own automobile insurance policy. *Id.* at ¶ 12. The amount paid by the driver's automobile insurance carrier was insufficient to compensate Plaintiff for her damages and loss. *Id.* at ¶ 13.

On November 4, 2009, Plaintiff's attorneys contacted Defendant Encompass providing it with written notice of a claim for underinsured motorist benefits and demanded the stated policy limits. *Id.* at ¶ 15 and doc. no. 14-1, p. 38. Plaintiff's attorneys also contacted Defendant State Auto to give notice of the claim with a formal demand letter requesting policy limits on December 2, 2009. *Id.* at ¶ 16 and doc. no. 14-1, p. 39. Over the next several months, Plaintiff's attorneys and Defendants attempted to settle of the underinsured motorist claim, and Defendants agreed to share the costs of the settlement. *Id.* at ¶ 18. On December 18, 2009, Plaintiff's

attorneys received a notice of delay for processing the claim which stated that Defendant State Auto needed additional information to substantiate the extent of the damages. *Id.* at ¶ 20. These additional materials had already been provided by Plaintiff. *Id.* at ¶ 20 and doc. no. 14-1, p. 40.

On January 13, 2010, Defendant State Auto notified Plaintiff that further investigation was necessary to determine whether the relevant insurance policy covered Plaintiff's claim. *Id.* at ¶ 21. The letter sent by Defendant State Auto quoted portions of the policy concerning uninsured motorists in an attempt to dispute the applicability of the insurance policy to the accident. *Id.* at ¶ 22. On January 20, 2010, Plaintiff's attorney responded to Defendant State Auto's letter by objecting to the presence of inapplicable coverage provisions in the January 13, 2010 correspondence and inaccurate quotations of provisions alleged to exist in the policy, and requested that Defendant State Auto clarify its position as to its interpretation of one of the policy provisions. *Id.* at ¶ 23.

Plaintiff's attorney also requested that Defendants provide a timeframe, but Defendant State Auto declined and requested a recorded statement from Plaintiff to further the investigation. *Id.* at ¶¶ 26, 27. Eventually, Plaintiff's attorneys agreed to allow Plaintiff to provide a recorded statement over the phone. *Id.* at ¶ 31. The Defendants proceeded with the recorded statement and inquired about an alleged extramarital affair of Plaintiff and the alleged contributory negligence of the Decedent and subsequently denied Plaintiff's repeated requests for a transcript of the statement. *Id.* at ¶¶ 35, 36.

Defendants then insisted on mediation of Plaintiff's claim, but were asked to clarify their purposes by Plaintiff's attorney. *Id.* at ¶ 37. An employee of Defendant State Auto responded that the mediation would discuss all issues and asked Plaintiff and her counsel to "keep an open

mind." *Id.* at ¶¶ 40, 41. Plaintiff's attorney responded that Plaintiff would not compromise on the insurance policy's limits. *Id.* at ¶ 42.

On or about March 3, 2010, Defendants offered $650,000.00 for Plaintiff's claim despite her request for the full amount of $1,000,000.00. *Id.* at ¶ 44. At some point in time after Plaintiff's attorneys asked the Defendants for the justification for this offer, their position on liability, and their investigative files, Defendants offered (and on March 26, 2010 Plaintiff accepted), $950,000.00. *Id.* at ¶¶ 44, 45. Defendants cited an alleged extramarital affair on the part of the Plaintiff and the alleged contributory negligence of the Decedent as justification for not paying the full $1,000,000.00. *Id.* at ¶¶ 51, 52.

### III. *Discussion*

#### A. *Encompass' Motion to Dismiss*

In support of its Motion to Dismiss, Defendant Encompass alleges that Plaintiff's Amended Complaint: 1) is not viable concerning the alleged improper delay because under Pennsylvania case law, an adjustment period for a claim for underinsured motorist benefits of such a limited time frame is not actionable; 2) fails to plead with requisite specificity any theory of delay by not stating the date settlement was reached, thus making the pleading insufficient; 3) includes conclusory allegations of statutory bad faith without factual support relative to Defendant Encompass; and 4) improperly includes claims for attorney fees and punitive damages for breach of contract and emotional distress damages for statutory bad faith, none of which are recoverable under the respective counts as a matter of law. Doc. Nos. 6, 7, and 15.

In support of its two "time delay" arguments (*i.e.*, no legally cognizable time delay exists under the facts as pled by Plaintiff and Plaintiff failed to provide specific, requisite dates), Defendant Encompass cites one Pennsylvania Western District Court case, *Pittas v. Hartford*

*Life Ins. Co.*, 513 F.Supp.2d 493 (W.D. Pa. 2007).[2] The district court in *Pittas*, deciding a Motion for Summary Judgment, held, "[a] delay of seven months after receiving notice of the claim, without more, however, is not clear and convincing evidence of bad faith. In fact, the evidence, is to the contrary." This statement is not a rule of law indicating that a seven-month delay does not equate bad faith. Rather, under the evidence presented in *Pittas* the court found the seven-month delay did not equate bad faith. Here, no evidence has been established as the Motion before the Court is a Motion to Dismiss, not a Motion for Summary Judgment as was the situation in *Pittas*.

In addition, Defendant Encompass' Motion suggests the bad faith claim amounts to the carriers' four-month delay in paying out $950,000.00. However, the Amended Complaint has adequately pled that four months may be an unreasonable amount of time to pay that amount when that amount was purportedly available to the carrier sooner. See, doc. no. 14 at ¶ 50. Furthermore, the Amended Complaint contends that the delay is ongoing in light of the fact that Plaintiff sustained damages in excess of the total policy limits (which this Court accepts as true solely for purposes of these Motions). See, doc. no. 14 at ¶¶13, 15-16, 39, 42 and doc. no. 14-1, pp. 38-39. Thus, according to the Amended Complaint, the Defendant carriers' failure to remit the remaining $50,000.00 (the difference between the $950,000.00 offered and paid, and the full limits of their respective policies) further evidences Defendants' bad faith. See e.g., doc. no. 14 at ¶¶ 25-26, 50-54. Lastly, the Amended Complaint also avers that Defendants engaged in bad faith when they, during this four-month time frame, questioned Plaintiff regarding an alleged

---

[2] The Court notes that Defendant cited additional authority from other district courts within the Third Circuit in support of its argument that no legally cognizable time delay exists. However, this Court is not bound by any of those decisions, and upon review, found that most of those decisions resolve Motions for Summary Judgment, distinguishing them from the case at bar.

extramarital affair, and then claimed that this was part of their basis for the purported delay in paying benefits and/or for paying less than the policies' limits. Doc. no. 14 at ¶¶ 23, 35, 51, 54.

Next, this Court disagrees that Plaintiff has merely raised conclusory allegations of statutory bad faith without factual support. As noted above, Plaintiff's Amended Complaint clearly indicates that Defendants based the decision to "delay" their collective payment of $950,000.00 and not pay the full collective policy limits ($1,000,000.00) upon matters which purportedly had nothing to do with the events surrounding the accident which caused the Decedent's death. See doc. no. 14 at ¶¶ 35, 51-52. The Court finds these and other allegations provide the necessary factual details necessary to properly assert the claims for breach of contract and bad faith as well as withstand Defendant Encompass' Motion to Dismiss.

Finally, Encompass contends that the Amended Complaint improperly includes claims for attorneys' fees and punitive damages for breach of contract, while demanding damages for emotional distress for statutory bad faith in violation of Pennsylvania statutory and case law. This Court disagrees that Plaintiff's Amended Complaint seeks attorneys' fees and punitive damages for breach of contract while requesting damages for emotional distress on her bad faith claim. See doc. no. 14, generally. Accordingly, this Court will deny Encompass' Motion to Dismiss the Amended Complaint on this basis as well.

### B. *Partial Motion to Dismiss by Defendant State Auto*

Defendant State Auto solely argues that a portion of Plaintiff's *ad damnum* clause in Count II must be stricken. Specifically, State Auto claims that Plaintiff is not entitled to obtain compensatory damages for his bad faith claim as he requests in paragraph 79 of his Amended Complaint.

It is true that Pennsylvania has codified a cause of action for bad faith and in the text did not provide for compensatory damages. See 42 PA. C.S.A. § 8371. Section 8371 specifically provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
>
> (2) Award punitive damages against the insurer.
>
> (3) Assess court costs and attorney fees against the insurer.

42 Pa.C.S.A. § 8371.

However, as recently noted by one of this Court's learned colleagues, Judge Terrence McVerry, in *Simmons v. Nationwide Mut. Fire Ins. Co.*, __F.Supp. 2d ___ (W.D. Pa. April 20, 2011) no. 2:11-cv-328, 2011 WL 1527800, ". . . § 8371 does not prohibit an award of compensatory damages . . . a point noted by Plaintiff in opposition to Defendant's motion. . . . Compensatory damages are available under Pennsylvania's common law of contracts, even where the action is brought under a bad faith theory." *Id.*, at *6 (internal citations omitted).

As further noted by the district court in *Simmons*, the Supreme Court of Pennsylvania has recognized a "'common law action for bad faith sounding in contract'" and held that § 8371 authorizes additional damages when the insurer acts in bad faith; thus, § 8371 supplements the breach of contract damages an injured insured can obtain. See *Simmons,* 2011 WL 1527800, at *6, quoting *Johnson v. Beane*, 664 A.2d 96, 101 (Pa. 1995), and citing *The Birth Center v. St. Paul Companies, Inc. Birth Center,* 787 A.2d 376, 387 (Pa. 2001). In addition, the *Simmons* decision pointed out the Pennsylvania's Superior Court:

> . . . characterized the attorney's fees, costs and interest available under § 8371 as "compensatory damages" for purposes of determining whether an award of punitive damages was sufficiently excessive to violate the Due Process Clause of the Fourteenth Amendment. *Hollock v. Erie Insurance Exchange*, 842 A.2d 409, 421–422 (Pa. Super. 2004). More particularly, the Superior Court explained that the specific damages available under § 8371(1) and § 8371(3) are "compensatory damages" for purposes of evaluating the constitutionality of a punitive damages award under § 8371(2). *Hollock*, 842 A.2d at 421–422.

*Simmons,* 2011 WL 1527800, at *6.

Turning to the instant matter, Plaintiff filed a cause of action for breach of contract in Count I of her Amended Complaint wherein she requests ". . . judgment in her favor for all sums that may be adjudicated against Defendants . . . and all other relief that his Honorable Court deems appropriate." Doc. no 14, p. 14. Defendant State Auto does not challenge Plaintiff's *ad damnum* clause in Count I, thereby indicating to this Court that Plaintiff may seek compensatory damages with respect to Count I. Because Pennsylvania law makes it clear that, (1) Plaintiff may obtain compensatory damages as relief for breach of contract and (2) fees, costs and interests awarded under § 8371 can be characterized as compensatory damages, this Court does not find any reason to strike that portion of Count II of Plaintiff's Amended Complaint seeking compensatory damages.

As such, this Court will deny Defendant State Auto's Motion for Partial Dismissal because the challenged language is unobjectionable in the context presented. However, this denial is without prejudice, and Defendant State Auto will be permitted to raise this issue in the future, if and when appropriate.

### IV. Conclusion

Based upon the foregoing law and authority, this Court will deny the Defendant Encompass' Motion to Dismiss and Defendant State Auto's Partial Motion to Dismiss. An appropriate Order follows.

            s/ Arthur J. Schwab
            Arthur J. Schwab
            United States District Judge

cc:  All Registered ECF Counsel and Parties